SEMINOLE COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT
APR 0 5 2019
KIM A. DAVIS, COURT CLERK
BY_____DEPUTY

**IN THE DISTRICT COURT OF SEMINOLE COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| GENEA WYRICK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CJ-2019- 27<br>JURY TRIAL DEMANDED |
| CITY OF SEMINOLE, political subdivision, | ) ) | |
| ZACH DENNIS, an individual, | ) ) ) | |
| Defendants. | ) | |

## PETITION

COMES NOW, Plaintiff, Genea Wyrick (hereinafter "Plaintiff"), by and through her Counsel of record, and for her causes of action against the above-named Defendants, states as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Genea Wyrick, for all material times is and was a resident of Pottawatomie County, State of Oklahoma, and so resided for all material times relevant to the claims made in this Petition.

2. The Defendant, the City of Seminole (hereinafter "City") is a municipality and political subdivision located in Seminole County, Oklahoma and is responsible for the operation of the Seminole Police Department and its law enforcement officers.

3. Defendant Zach Dennis (hereinafter "Dennis") for all material times, was a sworn Seminole Police Officer, employed by and working for Defendant City of Seminole and/or Seminole PD. In his position as Police Officer in the Seminole Police

1

<span style="color:red">Exhibit 2</span>

Department, Defendant Dennis performed duties, including but not limited to, being responsible for carrying out and enforcing polices and procedures for the Seminole Police Department.

4.     The acts complained of herein occurred in Seminole County, Oklahoma, making jurisdiction and venue in this Court proper, the Defendants were acting under color and authority of state law at all times relevant hereto, and Plaintiff has timely complied with all requirements set forth in the Oklahoma Governmental Tort Claims Act. 51 O.S. § 151 *et seq.*

## FACTUAL BACKGROUND

Plaintiffs incorporates all previous allegations and statements and further alleges as follows:

5.     On or about January 26, 2018, Defendant Dennis initiated a traffic stop with a vehicle in which Plaintiff was a passenger. Defendant Dennis pulled the vehicle over, and called another officer out to arrest the driver of the vehicle for driving under suspension.

6.     After the driver was taken to jail for the license violations, Defendant Dennis threated Plaintiff with arrest since she had no license and was out of custody on bond. Defendant Dennis threatened and intimidated Plaintiff by telling her that she better do what he told her to, or he would arrest her.

7.     Defendant Dennis then proceeded to direct Plaintiff undress herself, then do full spins, bend over and expose herself in multiple compromising positions while he recorded and took pictures of her with his person cell phone.

8. Plaintiff later reported the incident to the Seminole Police Department, and to Plaintiff's knowledge, he was subsequently terminated from his position as a police officer on January 29, 2019.

9. Plaintiff filed a claim with the City of Seminole on July 25, 2018 as required under the Government Tort Claims Act. Ninety days has passed without any response or action by the City of Seminole or the Seminole Police Department.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

10. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

11. On the date in question, the police officer conducted an improper strip search of Ms. Wyrick. The improper and outrageous search was conducted in public, in a non-sterile environment and with unwarranted and unjustified physical force.

12. The Fourth Amendment to the U.S. Constitution guarantees that people will not be subjected to unreasonable searches. Defendant plainly deprived Ms.

Wyrick of her rights under the Fourth Amendment by conducting an unreasonable and improper strip search. The search was egregious, humiliating and traumatizing violations of Ms. Wyrick's rights.

13. The Fourteenth Amendment to the U.S. Constitution guarantees that no person will be deprived by the state of life, liberty or property without due process of law. Defendant clearly deprived Wyrick of her liberty and other rights, including her right to privacy, without due process of law by conducting an unreasonable and illegal strip search.

14. At the time of the violation of Ms. Wyrick's rights, the officer was acting on behalf of and in the course and scope of his employment with Defendant and pursuant to and in accordance with the official polices and procedures created, promulgated and supported by Defendant. Additionally, or alternatively, the officer was acting pursuant to and in accordance with the customs, practices and course of conduct promoted, supported or allowed by Defendant. Additionally, or alternatively, Defendant has failed to properly train, supervise and discipline its officers, including the officer, in regards to searches of persons. Additionally, or alternatively, the decision or act of a final policy maker of Defendant resulted in the illegal strip search of Ms. Wyrick. Defendant's unconstitutional and illegal policies and procedures and/or customs, practices and course of conduct, or other improper decisions, actor so omissions resulted in Ms. Wyrick's rights being violated by the strip search.

## SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

15. When conducting the unreasonable and illegal strip search and unreasonable and illegal manual body cavity search of Ms. Wyrick, the officer acted intentionally or recklessly. Such conduct by the officer was extreme and outrageous and proximately caused Ms. Wyrick's emotional distress. The emotional distress suffered by Ms. Wyrick was severe.

16. Ms. Wyrick has suffered physical pain and suffering, anxiety, humiliation, fear, embarrassment, mental anguish and emotional distress and will continue to suffer into the future. Ms. Wyrick seeks all relief and remedies available for such injuries, including but not limited to recovery of her actual damages as well as any statutory allowed damages. Additionally, to the extent that Defendant, as alleged herein, acted intentionally, with malice, with conscious indifference to the rights, welfare or safety of Ms. Wyrick, or engaged in other aggravated, outrageous or morally culpable conduct, Ms. Wyrick seeks the imposition of exemplary or punitive damages against Defendant

WHEREFORE, all premises considered, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant for her actual damages, all statutory damages, punitive damages as allowed by law, attorney's fees, court costs, pre-judgment and post-judgment interest, and all such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

_____
Joshua S. Turner, OBA #22321
TTB LAW
219 East Main Street
Norman, Oklahoma 73069
Telephone (405) 364-8300
Fax (405) 364-7059
josh@ttb-law.com
Attorney for Plaintiff

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

6