# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GENEA WYRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-00133-PRW |
| | ) | |
| CITY OF SEMINOLE, a political subdivision, and ZACH DENNIS, an individual, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Plaintiff, Genea Wyrick, has sued the City of Seminole and one of its former police officers, Zach Dennis, alleging various violations of her constitutional rights. The City of Seminole has asked to be dismissed from the case, arguing that it was Dennis who violated Plaintiff's rights, and that it can't be held responsible for Dennis' actions because he was acting outside the scope of his employment when he allegedly forced Plaintiff to strip on the side of the road so that he could film her with his personal cell phone. The City's Motion to Dismiss has been fully briefed and is ripe for disposition. For the reasons given below, the Motion is granted.

As an initial matter, Plaintiff concedes that its claim for intentional infliction of emotional distress and its request for punitive damages should be dismissed.[1] Easy enough, those are dismissed.

Plaintiff otherwise argues that her remaining two claims should survive. One is brought pursuant to Section 153 of Title 51 of the Oklahoma Statutes, alleging a violation of her Oklahoma constitutional rights, while the other is brought pursuant to 42 U.S.C. § 1983, alleging a violation of her federal constitutional rights.

With respect to the Oklahoma claim, Plaintiff relies largely on an Oklahoma Court of Civil Appeals case to support her contention that she has a cause of action against the City.[2] But that case actually illustrates several problems with Plaintiff's claim. First, there is the issue of whether Dennis was acting within the scope of his employment. The Oklahoma Governmental Tort Claims Act defines "scope of employment" as "performance by an employee acting in good faith within the duties of the employee's office or employment[.]"[3] In *Overall*, when the Court of Civil Appeals said—in a passage erroneously relied on by Plaintiff—that "the issue of whether or not the troopers were acting in good faith is irrelevant," the court was saying that good faith was irrelevant to ascertaining whether the arrest was a false arrest. The court was *not* saying that the good faith of the officers was irrelevant to determining the scope of employment question, and

---

[1] Pl.'s Response (Dkt. 16) at 18.

[2] *Id.* at 16 (citing *Overall v. State ex rel Dept. of Public Safety*, 1996 OK CIV APP 107, 910, P.2d 1087).

[3] OKLA. STAT. tit. 51, §152.12.

Plaintiff is wrong in relying on this passage for that premise. Because of the statutory definition of "scope of employment," the officer's "good faith" is relevant to whether the officer was acting within his scope of employment, and accordingly relevant to whether his employer can be on the hook for his actions.[4]

So, was Dennis acting within the "scope of employment" as that term is defined under the Oklahoma law? The answer to that question is for the jury *unless* only one reasonable inference can be drawn from the facts alleged.[5] Here, Plaintiff's has alleged that:

> 12.   After the driver was taken to jail for license violations, Defendant Dennis threated [sic] Plaintiff with arrest since she had no license and was out of custody on bond. Defendant Dennis threatened and intimidated Plaintiff by telling her that she better do what he told her to do, or he would arrest her.
>
> 13.   Defendant Dennis then proceeded to direct Plaintiff to undress herself, then do full spins, bend over and expose herself in multiple compromising positions while he recorded and took pictures of her with his person [sic] cell phone.

There is no allegation that would support an inference that Dennis was acting in good faith within his duties as a police officer when he threatened Plaintiff with arrest if she did not strip so that he could film her on his personal cell phone. All reasonable

---

[4] Oklahoma law requires that if a plaintiff alleges that a government employee was acting within the scope of their employment, they cannot name the individual employee as a defendant unless they allege in the alternative that the individual was acting outside the scope of their employment. 51 O.S. 153(c). Here, Plaintiff named Dennis as a defendant despite insisting at all times that he was acting within the scope of his employment.

[5] *Tuffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 20, 212 P.3d 1158, 1167.

inferences indicate that Dennis was no longer pursuing legitimate law enforcement objectives and was instead pursuing personal, deviant objectives. Accordingly, Plaintiff has failed to state a claim against the City for Dennis' violations of Plaintiff's Oklahoma constitutional rights. Plaintiff's Oklahoma constitutional claim is thus dismissed.

With respect to her federal claim against the City, Plaintiff relies on four theories of liability: (1) that the City failed to train Dennis as to the limits of his authority for a detention of a citizen in his custody, (2) that the City failed to implement procedures and protocols to protect women and minorities when left alone with male police officers, (3) that the City failed to implement procedures and policies to supervise its new officers, and (4) that the City implemented search and seizure policies that encouraged and provided opportunities for this type of abuse.[6] The problem with each of these theories is that Plaintiff musters no facts in support. Indeed, she seems to rely solely on her incident as proof that the City did not do enough with respect to its policies and training of police officers. Her basic premise is that because men have been doing bad things to women for time immemorial, the City should have done more to prevent this bad thing from happening to her.[7]

Conclusory allegations, however, are not a substitute for specific factual allegations that might push Plaintiff's boilerplate allegations from conclusory to plausible. As the Tenth Circuit has explained:

---

[6] Pl.'s Response (Dkt. 16) at 8.

[7] *Id.* at 3−4.

> A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.[8]

Plaintiff's factual allegations in support of her claims against the City are deficient on both fronts. Plaintiff points to no formal regulation or policy statement, no informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law, no decisions of employees with final policymaking authority, no ratification by final policymakers of the decisions of subordinates to whom authority was delegated subject to these policymakers' review and approval, and no failure to adequately train or supervise employees that would amount to "deliberate indifference" to the injuries that might be caused by that failure.[9]

Nor does Plaintiff make any factual allegation of a direct causal link between the boilerplate policy and training failures she invokes and the harm that came to her. And because all reasonable inferences indicate that Dennis was no longer pursuing legitimate law enforcement objectives and was instead pursuing personal, deviant objectives when he forced Plaintiff to strip so that he could video her with his personal cellphone, there are likewise no reasonable inferences that can be made from Plaintiff's scant factual allegations that would link Dennis' actions to any City policy, training, or lack thereof of

---

[8] *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

[9] *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th. Cir. 2014) (cleaned up).

either. If Plaintiff's allegations are true, the only inference they support is that Dennis went rogue.

For these reasons, Plaintiff's Section 1983 claims against the City are also dismissed. The City is thus fully dismissed from the case. The case will proceed against former officer Dennis.

**IT IS SO ORDERED** this 11th day of June 2021.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE